```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

THE CONFIDENTIAL LADY, INC.                    CIVIL ACTION

VERSUS                                         NO: 13-308

SAFADY ENTERTAINMENT, LLC,                     SECTION: R
JOSEPH TUFARO AND INTEGRATED
CONSTRUCTION, LLC

## ORDER AND REASONS

Before the Court is plaintiff The Confidential Lady, Inc.'s motion to remand.[1] For the following reasons, the Court GRANTS the motion.

**I.   BACKGROUND**

This case arises from a breach of contract claim in a bare-boat charter agreement.[2] Under the agreement, defendant Safady Entertainment, LLC ("Safady") chartered *The Confidential Lady* (the "vessel"), a vessel owned by plaintiff The Confidential Lady, Inc. ("Confidential Lady").[3] The charter agreement was signed by Frank D'Amico on behalf of Confidential Lady and by defendant Joseph Tufaro of Integrated Construction, LLC ("Integrated").[4] "INTEGRATED CONST" is hand-written beneath the

---

[1] R. Doc. 17.

[2] R. Doc. 1.

[3] R. Doc. 8-5.

[4] *Id.* at 12.

signature of Tufaro on the charter agreement document.[5] The charter agreement apparently was not signed by Gary Safady, owner of Safady, nor by anyone explicitly representing Safady.[6]

Safady is a Delaware corporation with its principal place of business in California.[7] Confidential Lady is a Delaware corporation with its principal place of business in Louisiana.[8] Safady and Confidential Lady agree that Confidential Lady is a citizen of Louisiana for the purpose of diversity jurisdiction.[9] It is also undisputed that defendants Tufaro and Integrated are citizens of Louisiana for the purpose of diversity jurisdiction.[10]

Under the charter agreement, Confidential Lady agreed to deliver the vessel to representatives of Safady in New Orleans, Louisiana on April 1, 2012, for a round-trip cruise from New Orleans to Key West, Florida, and Safady agreed to return the vessel to New Orleans on April 12, 2012.[11] During the course of the charter, the vessel's engine malfunctioned, and the vessel

---

[5] *Id.*

[6] *Id.*

[7] R. Doc. 1 at 3.

[8] R. Doc. 1-2 at 1.

[9] *See* R. Doc. 1 at 2.; R. Doc. 1-2 at 1.

[10] *See id.*

[11] R. Doc. 8-5 at 1-2.

remained in Miami, Florida past the duration of the charter agreement.[12]

Confidential Lady sued Safady in Louisiana state court, and defendant removed the action to federal court.[13] Confidential Lady filed a motion to remand, but a settlement agreement was reached on March 28, 2013, before the Court acted on the motion to remand.[14] The parties notified the Court of the settlement on March 28, 2013, and, on April 12, 2013, the Court issued an order of dismissal.[15] In June 2013, Confidential Lady filed a motion to reopen the case and alleged that the settlement agreement, which was the basis of the dismissal, had been breached.[16] In July 2013, Safady also filed a motion to reopen, which alleged that Confidential Lady had breached the settlement agreement.[17] The Court granted the motions to reopen the case in a separate order.

When the parties notified the Court of the settlement, and the Court dismissed this case, it did so before the Court had considered the question of jurisdiction. The Court now turns to the question of its jurisdiction over this case. The case was

---

[12] R. Doc. 1-2 at 4-5.

[13] R. Doc. 1.

[14] R. Doc. 8; R. Doc. 17-2.

[15] R. Doc. 14; R. Doc. 15.

[16] R. Doc. 17.

[17] R. Doc. 21.

removed by Safady from Louisiana state court based on the doctrine of improper joinder of non-diverse defendants, Tufaro and Integrated.[18] Safady argued that the non-diverse defendants were named as defendants solely to defeat federal diversity jurisdiction and that Confidential Lady had no reasonable possibility of recovery against either non-diverse defendant.[19] In its motion to remand, Confidential Lady asserts that the joinder of Tufaro and Integrated was proper and that under Louisiana law it does have a reasonable possibility of recovery.[20] In its motion to reopen, Safady fails to address jurisdiction.[21] For the following reasons, the Court finds that the non-diverse defendants were properly joined, and complete diversity between the parties does not exist. Therefore, this Court has no subject matter jurisdiction over the case under 28 U.S.C. § 1332.

**II. LEGAL STANDARD**

Cases filed in state courts may be removed to federal courts under 28 U.S.C. § 1441. A defendant may remove "any civil action brought in a State court of which the district courts of the

---

[18] R. Doc. 1 at 3-5.

[19] *Id.*

[20] R. Doc. 8-1.

[21] R. Doc. 21.

United States have original jurisdiction", 28 U.S.C. § 1441(a), as long as no defendant "is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b). In other words, all of the prerequisites for diversity jurisdiction in 28 U.S.C. § 1332 must be met for a party to remove a case based on diversity jurisdiction. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). A case falls within a federal court's original diversity jurisdiction only if "diversity of citizenship of all the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

The doctrine of improper joinder entitles a defendant to remove a case to a federal court when a plaintiff joins a non-diverse defendant, if defendant can show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. Safady asserts only the latter form of improper joinder.[22] The test for this form of improper joinder is whether a reasonable basis exists "for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

Courts determine whether a plaintiff might be able to recover against an in-state defendant in either of two ways. *Id.*

---

[22] R. Doc. 1 at 3.

The Court may conduct a "Rule 12(b)(6)-type analysis" to determine whether the complaint states a claim under state law against the in-state defendant. *Id.* In this inquiry, the Court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)(quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981)). When a claim against a defendant can survive a Rule (12)(b)(6) challenge, that defendant is properly joined. *Smallwood*, 385 F.3d at 573.

The Court may also "pierce the pleadings and conduct a summary inquiry," but this is necessary only when the "plaintiff has misstated or omitted discrete facts that would determine the propriety of the joinder." *Id.* This case does not require the Court to pierce the pleadings because Safady makes no allegation and no evidence exists that Confidential Lady has misstated or omitted any relevant facts.

The burden for proving that joinder of an in-state party was improper rests on the party seeking removal. *Id.* at 574. Therefore, Safady bears the burden of showing that, resolving all factual allegations in the light most favorable to the Confidential Lady, no reasonable basis exists for the Court to predict that Confidential Lady might be able to recover from

6

Tufaro or Integrated.

**III. DISCUSSION**

First, Safady argues that Tufaro and Integrated are not liable for a Safady's performance of a contract because, under Louisiana law, an agent is generally not liable for the principal's breach of the contract.[23] However, at the same time, Safady claims that Tufaro and Integrated are not Safady's agents.[24] The charter agreement was signed by Tufaro with "Integrated" handwritten under his name. The charter agreement does not indicate that Tufaro was acting as Safady's agent.[25] If, as Safady asserts, Tufaro and Integrated are not agents of Safady, then a reasonable basis exists for the Court to predict that Integrated might be liable for breach of the contract Tufaro signed on its behalf.

Additionally, both Safady and Confidential Lady point out that, under Louisiana law, an agent can be liable for the principal's failure to perform a contract in some circumstances.[26] Safady points to Louisiana Civil Code Article 3016, which states that an "[agent] who contracts in the name of

---

[23] R. Doc. 1 at 4.

[24] *Id.*

[25] R. Doc. 8-5 at 11.

[26] R. Doc 1 at 4; R. Doc. 8-1 at 3.

7

the principal within the limits of his authority does not bind himself personally for the performance of the contract." La. Civ. Code art. 3016 (2012). Here, Tufaro signed the contract in his own name with the name of Integrated, not the name of Safady, shown beneath his signature. Assuming that Confidential Lady's factual allegations in the complaint are true for the purpose of this inquiry, Article 3016 does not foreclose liability for breach of the contract that Tufaro signed in his own name for Integrated.

Next, Safady argues that Tufaro and Integrated cannot be held liable for Safady's obligations in the charter agreement because Tufaro and Integrated did not agree to assume the obligations in writing. Under Louisiana law, "[a]n obligee and a third person may agree on an assumption by the latter of an obligation owed by another to the former," and "that agreement must be made in writing." La. Civ. Code art. 1823. Inasmuch as the agreement Tufaro signed is written, the Court cannot state that there is no basis for Confidential Lady's allegation that Tufaro and Integrated are bound as guarantors.

The burden for showing that no reasonable basis exists for the Court to predict that the non-diverse defendants, Tufaro and Integrated, might be liable for the breach of the charter agreement falls on Safady as the party who sought removal. Safady has failed to satisfy that burden. As such, the non-diverse

8

defendants, Tufaro and Integrated, were properly joined, and diversity of citizenship is not complete. Under 28 U.S.C. § 1332, this Court has no jurisdiction over this case.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand.

New Orleans, Louisiana, this ___5th___ day of August, 2013.

_____*Sarah Vance*_____

**SARAH S. VANCE**

**UNITED STATES DISTRICT JUDGE**